Chief Justice Robbrtson
delivered the opinion of ffie Court.
This is a suit in chancery, -for injoin-ing a judgment at law, obtained by Jameson against Harrison.
The bill alleges that, after Harrison’s marriage, Jameson presented to him an account for $104, money *233 loaned, at different times, to bis wife, whilst unmarried; that not knowing any thing about the justice of tiie account, and being indisposed to dispute it, he executed his note for the amount charged to be due; and on which note Jameson had obtained judgment against him; that he had discovered, since the execution of the note, that the account was false, and that his wife owed only a small portion of it, the items of which part, so admitted to have been just, are stated. He, therefore, calls on Jameson to set out his account and prove its justice.
The injunction was granted, and Jameson answered. The answer does not deny the allegations of the bill, as to the consideration of the note, and the man-•ncr of its execution. Nor does it state the items of the account, but it insists that Bledsoe’s heirs, of whom Harrison’s wife was one, owed Jameson for various sums loaned to them, but chiefly to Mrs. Harrison, and that John Jameson, the executor of Bled-soe, had settled the account and admitted that it was just.
John Jameson proves that he settled with James Jameson, an account which he had against Bledsoe’s heirs, and admitted $¡110 to be due to him, $30 of which he paid him, leaving a balance still due, of about $¡80.
This was all the testimony. The circuit court dissolved the injunction, with ten per cent, damages, 'and dismissed the bill. This decree is erroneous.
f As Jameson virtually admits the mistake in the execution of the note, and the ignorance of Harrison; and as he admits also, that the account for money loaned, was the only consideration of the no!e, the onus devolved on him. He has failed to prove his account or even to exhibit its items. i
John Jameson had no authority to bind Mrs. Har- * ison; nor could an account against the heirs, for .sums loaned to them individually, be binding on her beyond the amount which she received. This amount is not ascertained, except so far as Harrison has admitted particular items in his bill.
C. S. Bibb, for plaintiff; Jas. Trimble, ior defendant.
'"It resalís, therefore, that, except for the $25, and other small items admitted by Harrison, his injunction should have been perpetuated.
Wherefore, the decree of the circuit court is reversed, and the cause remanded for a decree consistent with this opinion.